United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUNIOR ANTONIO ARTEAGA VALDIVIA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-08151-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 2

Petitioner Junior Antonio Arteaga Valdivia filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order ("TRO") seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* ECF No. 1 at 7; ECF No. 2. For the reasons that follow, the Court GRANTS the petition, orders Petitioner's immediate release, and resolves the TRO as moot.

## I. BACKGROUND

Petitioner is a native of Mexico who first entered the United States approximately twenty-four years ago without inspection by immigration authorities. ECF No. 2 at 3. Respondents contend that Petitioner "has developed a significant criminal history" while living in the United States. ECF No. 7 at 2. The evidence before the Court does not substantiate this statement. Petitioner's I-213—i.e., his Department of Homeland Security ("DHS") record—states that he has no criminal convictions. *See* ECF No. 7-1 at 2. And the FBI RAP sheet produced by Respondents only lists a set of charges from 2004 associated with a traffic accident. *See id.* at 24–28.

In 2011 Petitioner was granted a voluntary departure to Mexico by the Department of Homeland Security ("DHS") and left the United States pursuant to that agreement. *Id.* at 20; ECF

No. 2 at 3. He re-entered the United States in 2013 to re-unite with his wife and daughter, both of whom live in the United States. ECF No. 2 at 3. He has lived in the United States with his family for the past thirteen years.

In March 2026, Petitioner was sitting as a passenger in a car with a group of friends, when they were pulled over by ICE. *Id.*; ECF No. 7-1 at 2. Petitioner was taken into ICE custody that day. ECF No. 7-1 at 2. Also that same day, ICE served him with a Notice to Appear, charging him as inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I), and issued an administrative warrant for his arrest. ECF No. 7-1 at 13–17. He has been detained for the past seven months without a custody hearing. ECF No. 1 at 6.

Petitioner was ordered removed to Mexico on June 15, 2026. ECF No. 7-1 at 4–12. He timely appealed the removal order to the Board of Immigration Appeals ("BIA") on July 1, 2026. *Id.*

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner contends that his seven months of detention without a bond hearing violates his Fifth Amendment right to due process. *See* ECF No. 1 at 6. Respondents oppose relief, arguing that Petitioner was lawfully detained under 8 U.S.C. § 1226(a), and that Petitioner should be

required to exhaust his administrative remedies by seeking a custody redetermination hearing with the immigration court before obtaining habeas relief. *See* ECF No. 7 at 2–4.

However, the record does not support a finding that Petitioner was lawfully detained under § 1226(a). As another court in this circuit has recently explained:

> Section 1226(a) and its implementing regulations establish procedures to ensure that the Government only detains noncitizens where doing so advances its legitimate interests in preventing danger and mitigating risk of flight. Without such protections, there is an unacceptably high risk that that the noncitizen's confinement is not 'reasonably related' to a legitimate purpose.
>
> The mechanism for making such evaluations is the initial custody review, which ensures that DHS only detains a noncitizen where officers determine that detention is justified on an individualized basis and engages 'in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause.' It also 'create[s] a record that permits meaningful review of whether the required procedure occurred.' And it is the 'mechanism' by which noncitizens are advised that they can seek review before an IJ and provided an opportunity to request such review by checking a box on the Form I-286. Absent an initial custody review, a noncitizen may not be aware that they are eligible for a bond hearing or know how to request one.

*Regino Vicente Vicente v. Warden of San Bernardino Det. Ctr.*, No. 5:26-CV-05106-BFM, 2026 WL 3110053, at *3 (C.D. Cal. Oct. 16, 2026) (internal citations omitted). Given the importance of this initial custody determination in establishing that continued detention is necessary, and providing an opportunity for the noncitizen to request a hearing to contest the determination, "numerous courts have recognized failure to provide an initial custody determination is not only a statutory violation, but also a violation of noncitizen's due process rights." *Id.* at *4 (collecting cases)

Here, the I-213 provided by Respondents does not reflect that an initial custody determination was made when Petitioner was arrested. *See* ECF No. 7-1 at 1–3. Respondents were prompted by the Court to provide additional evidence of ICE's compliance with § 1226(a) by producing Petitioner's Form I-286, which would have supplied the initial custody determination and provided Petitioner with an opportunity to request a hearing. *See* ECF No. 8. Respondents filed a supplement explaining that they "could not locate a notice of custody determination in [Petitioner's] file." *Id.* at 1. To remedy this, Respondents provided Petitioner with a notice, and

an opportunity to request a hearing to contest his continued custody *a day after* the Court's order. *See* ECF No. 9-1. This notice and opportunity to request a hearing is seven months too late. As Petitioner has been detained now for seven months without the process he is statutorily entitled to under § 1226(a), the Court finds that Petitioner was detained in violation of his due process rights.

## IV. CONCLUSION AND ORDER

A belated custody redetermination hearing will not cure the constitutional violation here. Petitioner has now been detained for over seven months in what he describes as "prison-like" conditions without any assessment being made by the Government that his continued detention is necessary, or an opportunity to challenge his continued detention. Additionally, there is no evidence before the Court that Petitioner would be a flight risk or danger to the community if released, and the Government has not argued as much.

Accordingly, the Court finds that the appropriate remedy is Petitioner's immediate release. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not prevent the Government from placing reasonable conditions on Petitioner's release in accordance with 8 U.S.C. § 1226(a) and applicable regulations. Finally, this Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 26, 2026

Noël Wise
United States District Judge